Benjamin Franklin SPENCER, Plaintiff-Appellant, v. Lawson G. MARTIN, Defendant-Appellee.

No. 4442.

Circuit Court of Appeals, Third Circuit.

Aug. 20, 1931.

A. O. Fording, of Pittsburgh, Pa., and Wm. E. Pfau and Charles Koonce, both of Youngstown, Ohio, for appellant.

C. H. Sachs, Sachs & Caplan, and Louis Caplan, all of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

The proofs in this case tend to show that Spencer, the appellant, and Martin, the appellee, both of whom were experienced in automobile distribution, had some preliminary negotiations looking to the formation of a corporation in which both were to take stock and which corporation was to secure a sales agency for a certain automobile. This agency was not secured and the corporation was never formed. If the agency had been secured and the corporation formed, the automobile business owned by Martin would naturally have been acquired by the corporation, but on what terms had not been determined. The project having fallen through and Martin having no sales agency, Martin offered to dispose of his business to Spencer, but they could not agree on a sales price, so, as Spencer had not bought Martin's stock on hand, and as he had contributed neither money nor property thereto, and as Martin had no sales agency, he proceeded to close out and liquidate the stock on hand. True, it appears Spencer claimed an interest in the business, but, on Martin denying he had any interest, Spencer apparently acquiesced, the proof being "he left Martin to wind up the

business alone." In its final opinion the court found that Spencer "made no contribution whatever to the capital of the business; all of the moneys were paid in by Martin," and that "Martin, of course, must be reimbursed for his financial investment."

After such liquidation by Martin, Spencer filed a bill against him for an accounting, alleging a partnership existed, and praying an accounting. On hearing, an accounting, for some months' operation during the efforts to get the sales agency as above stated was ordered. On such accounting the master reported and exceptions to his report were disposed of by the court, which held that Martin was not indebted to Spencer. We have carefully examined the proofs, and are satisfied the court below was justified in its conclusions. In its opinion it discussed and analyzed the facts, held that under the circumstances of the case "the defendant should not be penalized for failure to take a physical inventory of automobile parts on March 11, 1917, any more than the plaintiff should." It reasoned: "What better evidence would the Master need of the value of parts on hand at that time (August first) than the actual sale price of these parts in the open market? * * * There was nothing to do but liquidate the business. Certainly the sale price of the automobile parts would then be an important element in fixing the value as of August first if they were honestly sold by the defendant." It further held that the costs up to that time be divided.

Without entering into further discussion of the case, which has been done so thoroughly by the court below, we limit ourselves to stating that we find ourselves in accord with the court below in the method of accounting it directed and in the correctness' of the results reached thereby.

The decree below is therefore affirmed; the appellant to pay the costs of this appeal.